IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:07-CR-19-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| LACY JERVAY TATE | ) | |
| | ) | |

This cause comes before the Court on defendant's letter to the Court requesting that he be resentenced in light of attorney and government misconduct. [DE 51].

## BACKGROUND

Defendant pled guilty to conspiracy to distribute more than 5 kilograms of cocaine and a quantity of heroin in violation of 21 U.S.C. § 846. On January 8, 2008, defendant was sentenced to 240 months' imprisonment and five years' supervised release. [DE 23, 25]. On December 22, 2015, defendant's sentence was reduced to 193 months pursuant to 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission. [DE 48].

On November 4, 2016, defendant sent a letter to this Court requesting appointment of counsel and asking the Court to reduce his sentence to 175 months. [DE 49]. In his letter, defendant alleged various issues with his indictment and sentencing, including prosecutorial misconduct and ineffective assistance of counsel. *Id.* The Court notified defendant that it would reconstrue his letter as a motion pursuant to 28 U.S.C. § 2255 if defendant failed to respond or withdraw his letter, and directed the clerk to send to defendant the appropriate forms for filing a § 2255 motion. [DE 50]. Defendant did not respond to the Court's order within the time provided.

In the instant letter, defendant again cites to prosecutorial misconduct and ineffective assistance of counsel. Defendant notes in his reply to the government's response that he received the paperwork on which to file a § 2255 motion but that he is insufficient in the knowledge of criminal law and procedure, and that he assumes the government seeks to recharacterize his letter as a § 2255 motion so that it will be barred by the one-year limitations period. Defendant notes that he is not fighting his guilt, but that if it had not been for his being charged federally he might have fought to get a better plea or would have hired his own attorney without threats. Defendant again seeks resentencing as relief.

## DISCUSSION

"A judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotation marks omitted) (alteration in original). These limited circumstances include a motion by the Director of the Bureau of Prisons based on "extraordinary and compelling reasons" and defendant's advanced age, or a reduction in sentence due to Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c). Otherwise, to attack the validity of a criminal sentence, a defendant must proceed under 28 U.S.C. § 2255. "[B]y its terms, § 2255 does not allow for a court's consideration and correction of every alleged sentencing error." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (alteration omitted). A petitioner seeking relief under § 2255 must make one of four types of arguments:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

Defendant has not provided any basis on which his sentence might be reduced under 18 U.S.C. § 3582. Rather, the relief which defendant seeks is that which would be provided by a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Accordingly, the Court NOTIFIES defendant of its intent to construe his letter as a § 2255 motion. The clerk is DIRECTED to send to defendant the necessary forms for filing a motion to vacate in this Court. Defendant shall either return the § 2255 forms, confirming his intent to pursue such motion, or notify the Court of his intent to withdraw such motion not later than May 21, 2018. The Court warns defendant of the effects of filing a motion pursuant to § 2255 and advises him as to the requirements of § 2255. *See Castro v. United States*, 540 U.S. 375, 377, 383 (2003); *see also United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002). Failure to respond to this order will result in dismissal of defendant's motions in letter form.

## CONCLUSION

For the foregoing reasons, defendant is ORDERED to confirm his intent to proceed under § 2255 or notify the Court of his intent to withdraw his motions not later than May 21, 2018. Failure to respond to this order will result in the dismissal of defendant's motions filed in letter form requesting a reduction in his sentence.

SO ORDERED, this 20 day of April, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3